IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AINSLEY NICKERSON, PERSONAL REPRESENTATIVE
    OF THE WRONGFUL DEATH BENEFICIARIES OF
    ANDREW H. MCADAMS, DECEASED;
THE ESTATE OF CHRISTINA NICKERSON, DECEASED; and
THE ESTATE OF ANDREW H. MCADAMS, DECEASED        PLAINTIFFS

VERSUS                                                                CAUSE NO. 3:22-cv-506-KHJ-MTP

WILEY SANDERS TRUCK LINES, INC.; and
DARIUS FEAZELL,INDIVIDUALLY, AND AS AN AGENT
OF WILEY SANDERS TRUCK LINES, INC.;                      DEFENDANTS

**COMPLAINT**

**(JURY TRIAL REQUESTED)**

COMES NOW THE PLAINTIFF(S), Personal Representative and/or Wrongful Death Beneficiaries of Andrew H. McAdams, Deceased; The Estate of Christina Nickerson, Deceased; and The Estate of Andrew H. McAdams, Deceased; and files this Civil Complaint against the DEFENDANTS, Wiley Sanders Truck Lines, Inc.; and Darius Feazell, Individually, and as an Agent of Wiley Sanders Truck Lines, Inc for wrongful death, personal injury, negligence, gross negligence, reckless and wanton disregard, and other damages, and to support their cause of action would show the following:

**INTRODUCTION**

1. On September 8, 2020, Andrew H. McAdams was driving his truck westbound on Highway 20, near Meridian, Mississippi, at a safe speed and in a safe manner, keeping his automobile under control at all relevant times. Andrew H. McAdams was struck by a

commercial vehicle and died as a result of the wreck. At the time of this death, Andrew H. McAdams was unmarried. On September 8, 2020, Christina Nickerson was his only child and the sole wrongful death beneficiary of Decedent, Andrew H. McAdams pursuant to Miss. Code Ann. § 11-7-13.

2. On February 7, 2021, Christina Nickerson passed away. On January 7, 2021 the Estate for Andrew H. McAdams, Deceased, was opened in the Chancery Court of Lamar County, MS. Ainsley Nickerson, McAdams' granddaughter and personal representative was substituted on March 19, 202 as the Administratrix CTA for the Estate of McAdams.

3. On March 3, 2021, the Estate of Christina Nickerson was opened in the Chancery Court of Hancock County, Mississippi by Nickerson's daughter and personal representative Ainsley Nickerson. Ainsley Nickerson is the Administratrix of the Estate of Nickerson. The Estate of Nickerson maintains a chose in action under Mississippi law for the wrongful death claim of Christina Nickerson as the sole wrongful death beneficiary of Andrew H. McAdams, Deceased.

## PARTIES

4.   Ainsley Nickerson, Personal Representative of the Wrongful Death Beneficiaries of Andrew H. McAdams, Deceased. Ainsley Nickerson is a resident of the State of Massachusetts with address 10 Village Lane, Apt. 24, Tyngsboro, Massachusetts, 01879. Ainsley Nickerson's citizenship is completely diverse from the named Defendants in this action.

5. The Estate of Christina Nickerson, Deceased is an estate action opened in the Chancery Court of Hancock County, Mississippi and mains a chose in action as the wrongful death beneficiary of Andrew H. McAdams, deceased under Mississippi. The Estate of Christina Nickerson, as an estate action, maintains citizenship in Hancock County, Mississippi and is

completely diverse from the Defendants in this action. Ainsley Nickerson, named herein above, is the Administratrix for the Estate of Christina Nickerson and has been authorized to prosecute this action on behalf of the Estate of Christina Nickerson, Deceased, in accordance with Mississippi law.

6. The Estate of Andrew H. McAdams, Deceased, is an estate action opened in the Chancery Court of Lamar County, Mississippi. The Estate of Andrew H. McAdams, as an estate action, maintains citizenship in Lamar County, Mississippi and is completely diverse from the Defendants in this action. Ainsley Nickerson has been appointed Administratrix CTA of the Estate of Andrew H. McAdams, Deceased, and has been authorized to prosecute this action on behalf of the Estate of Andrew H. McAdams, Deceased, in accordance with Mississippi law, specifically the survival statute, Miss. Code Ann. § 91-7-233.

7. Wiley Sanders Truck Lines, Inc. is made a Defendant as it owned the commercial vehicle truck involved in the fatal motor vehicle accident. Wiley Sanders Truck Lines, Inc. is an Alabama Corporation with its principal place of business located at 100 Sanders Road, Troy, Alabama 36079. Defendant Wiley Sanders Truck Lines, Inc. committed a tort in the State of Mississippi, and can be served with process in the time and manner prescribed by law.

8. Darius Feazell, Individually and as an Agent of Wiley Sanders Truck Lines, Inc., is an adult resident of the State of Alabama with a last known address of 3329 Fountain Lane, Apartment D, Montgomery, Alabama 36116, who was driving the commercial vehicle truck at the time of fatal motor vehicle accident and who committed a tort in the State of Mississippi and can be served in the time and manner as prescribed by law.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under the provision of Title 28, United States Code § 1332, in that this suit is a civil action between citizens of different States wherein the matter and actual controversy exceeds the sum value of $75,000.00, exclusive of interest and costs.

10. This Court has subject matter jurisdiction under the provision of Title 28, United States Code § 1331, in that this suit is a civil action arising under the laws of the United States, including but not limited to Motor Carrier Safety Act of 1984, Title 49, United States Code §31136 and all related regulations adopted by the Federal Motor Carrier Safety Administration.

11. Venue in this civil action is appropriate in this Court pursuant to Title 28, United States Code § 1391.

**FACTS AND CAUSES OF ACTION**

12. On September 8, 2020, Andrew H. McAdams was traveling west on Interstate 20 in his pickup truck and when he arrived approximately at Exit 154 near Meridian, Lauderdale County, Mississippi, Defendant Darius Feazell was traveling west on Interstate 20 in a commercial vehicle truck owned and operated by Defendant Wiley Sanders Truck Lines, Inc. at the same location.

13. As both vehicles came down the hill, from the overpass at MS 19/39, Defendant Feazell merged from the right lane into the left lane where McAdams was traveling. Defendant Feazell's commercial vehicle truck struck the passenger rear quarter panel and bed of McAdams' pickup truck causing McAdams to lose control and spin. McAdams' vehicle went in a sideways direction, facing North Frontage Road, before rolling at least twice. McAdams' vehicle left the

roadway and entered the ditch at the roadside where McAdams was ejected from his vehicle. McAdams died as a result of the accident.

14. Defendant Feazell did not stop at the scene of the accident, but continued to drive westbound on I-20 for approximately eight and one-half (8.5) miles to the Mr. Fuel Travel Center near Exit 129. Based on information and belief, Defendant Feazell did not report this accident, did not stop to render aid, did not stop to assistance in any investigation, and was apprehended by the Lauderdale County Sheriff's Department after the accident was reported. Based upon information and belief, Defendant Feazell was criminally charged with leaving the scene of the accident causing a death in violation of Miss. Code Ann. §83-3-401, which is a felony punishable by imprisonment of not less than five (5) nor more than twenty (20) years or fine or both.

15. At all times herein, on or about September 8, 2020, the Defendants and / or their employees were operating Defendant's commercial vehicle truck (i.e., the tractor and trailer owned and / or leased by or to the Defendants) and while operating and / or driving a commercial vehicle truck owned and / or leased by the Defendants, negligently, gross negligently, recklessly, willfully, and /or intentionally caused or contributed to the cause of the wreck which caused pain, suffering, and wrongfully killed the Decedent, Andrew H. McAdams, causing injuries and damages to the Plaintiff, which is the subject of this civil action.

16. The conduct, acts, and omissions of the Defendants caused or contributed to the death of Andrew H. McAdams, and injuries and damages to the Plaintiff, as set forth herein. As a direct and proximate result of the Defendants' negligence and / or gross negligence and / or

recklessness, the Plaintiff suffered injuries and damages, for which they are entitled to be compensated.

**NEGLIGENCE / GROSS NEGLIGENCE / RECKLESS AND WANTON DISREGARD**

17. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs, as if fully incorporated herein, and further alleges:

18. Defendants breached their duty by willfully and intentionally and with negligence and gross negligence, in hiring, retaining, and failing to train their driver causing this wreck, injuries and all other damages to the Plaintiff.

19. On information and belief, the Defendants violated state and federal law and regulations, and their own internal regulations, in allowing the driver to drive the Defendant's tractor and trailer at the date and time, which proximately caused or substantially contributed to the injuries and damages to the Plaintiff.   The Defendants are believed to have willfully, intentionally, and with negligence and gross negligence allowed their driver to drive when they knew or should have known that he was not competent to drive, and Plaintiff believes the Defendants' commercial vehicle truck was not properly maintained or wrongfully repaired.

20. Defendants had a duty to provide a safe driver and a safe commercial vehicle truck for use on the roads, highways, and / or interstate.   Defendants willfully, intentionally, and with negligence and gross negligence allowed their driver to drive, and Defendants' commercial vehicle truck was allowed on the roads, highways, and / or interstates at a time when the Defendants knew that neither their driver nor their commercial vehicle truck should have been operating on said roads, highways, and / or interstates and this action of the Defendants in

allowing the driver and the Defendants' commercial vehicle on said roads and highways was willful, intentional, and negligent and grossly negligent which was the proximate cause or contributing cause to the wrongful death of Decedent, Andrew H. McAdams, resulting in the injuries and damages to the Plaintiff.

21. Defendants are believed to have willfully, intentionally and with negligence and gross negligence failed to hire competent personnel to review their driver, Defendant Darius Feazell, and / or train their driver and willfully, intentionally and with negligence and gross negligence, retained their driver and / or allowed him to drive their commercial vehicle truck causing and / or contributing to the wrongful death of Decedent Andrew H. McAdams and resulting injuries and damages to the Plaintiff.

22. On information and belief, Defendants willfully, intentionally and with negligence and gross negligence failed to maintain, adhere, and conform to internal, state, and federal laws and regulations pertaining to the subject commercial vehicle truck involved in this action which was the proximate cause and / or contributing cause of the wrongful death of Decedent Andrew H. McAdams and resulting injuries and damages to the Plaintiff.

23. Defendants had a duty to employ, train, hire, and retain skillful and competent employees in the performance of the duties of the Defendants' business.

24. Defendants negligently hired, trained, entrusted, and / or retained the employee / agent driver to operate its commercial vehicle on the roads, highways, and / or interstates.

25. Defendants, their officers, directors, and / or agents knew or should have known of the incompetence and unfitness of such employee / agent at the time of the wreck and at all

relevant times thereto, and that the Plaintiff at all times was totally ignorant of the incompetence and unfitness of the Defendants' driver.

26.   Defendant, Darius Feazell, had a duty to follow and obey all traffic laws, rules of the road, internal, and state, and federal regulations; a duty to keep and maintain a reasonable lookout for other vehicles including Decedent, Andrew H. McAdams; a duty to drive in a reasonably safe manner under the circumstances then and there existing; a duty to yield the right of way; a duty to not change lanes at a time when it is not safe to do so; a duty to maintain a safe and proper distance from all potential vehicles around his commercial vehicle truck; and a duty not to endanger the safety of and / or injure others, including Decedent, Andrew H. McAdams, because of negligent, careless or reckless driving.   In the ordinary course of events, a commercial vehicle truck should be held to a heightened standard of care, and if driven in a careful and prudent manner would not have negligently and / or grossly negligently struck the Decedent, Andrew H. McAdams, in such a reckless manner as to cause or contribute to the wrongful death of Decedent, Andrew H. McAdams and the resulting injuries and damages to the Plaintiff.

27.   Upon information and belief, the Defendant, Darius Feazell, an employee and / or Agent of Defendant, Wiley Sanders Truck Lines, Inc., acting within the scope of his employment, had exclusive control of the subject commercial vehicle he was operating at the time he struck the Decedent, Andrew H. McAdams, and his vehicle.   Defendant failed to follow his duties and obligations to operate his commercial vehicle in a safe, prudent, proper and observant manner, and struck the Decedent with his commercial vehicle and thereby directly and

proximately caused or contributed to causing the death of Decedent, Andrew H. McAdams, and resulting injuries and damages to the Plaintiff, as described herein.

28. At all relevant times, Defendant Darius Feazell was a statutory employee of Defendant Wiley Sanders Truck Lines, Inc. under the laws of the United States, and therefore Defendant Wiley Sanders Truck Lines, Inc. Is vicariously liable as a matter of law for the acts, omissions, negligence and /or gross negligence of Defendant Darius Feazell.

29. The Defendants, and each of them, are liable to the Plaintiff for the aforementioned acts of negligence and / or gross negligence, and are liable for the following acts of negligence, recklessness and / or gross negligence, which conduct caused or contributed to the wrongful death of the Decedent, Andrew H. McAdams, and the resulting injuries and damages suffered by the Plaintiff:

   a. Negligently and / or recklessly failing to keep the subject commercial vehicle under proper management and control;

   b. Negligently and / or recklessly failing to keep a proper lookout for other vehicles;

   c. Negligently and / or recklessly failing to make the proper use of instrumentalities in the Defendants' control so as to avoid an occurrence of this nature from taking place;

   d. Negligently and / or recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid the Decedent and causing the subject wreck;

   e. Negligently and / or recklessly failing to drive the commercial vehicle as a prudent and reasonable licensed commercial driver under the circumstances would in order to prevent an occurrence such as the subject wreck;

   f. *Negligence Per Se* for violations of the "Rules of the Road," Mississippi Code Ann. § 63-3-1 et seq., intended to protect citizens such as the Plaintiff, including but not limited to violations of Mississippi Code Ann.§§ 63-3-401; 63-3-405; 63-3-505; 63-3-1112; and 63-3-1213.

      g.      *Negligence Per Se* for violation of the Federal Motor Carrier Safety Regulations, Code of Federal Regulations, Title 49, parts 40, 325, 350, & 355 - 399.

      h.      Other acts of negligence, gross negligence and /or recklessness causing or contributing to the subject wreck, wrongful death of the Decedent and the resulting injuries and damages of the Plaintiff, to be shown at the trial of this matter.

    30.   Defendants, and each of them herein, breached their foregoing duties of due care, and their duties imposed by internal, State and Federal law and regulations which were the proximate cause, substantial factor, or proximate contributing cause of the injuries and death of Andrew H. McAdams and resulting injuries and damages to the Plaintiff and wrongful death beneficiaries.  In addition, the acts and / or omissions of the Defendants, and each of them, demonstrate such gross negligence and / or willful, wanton careless disregard that Plaintiff is entitled to punitive and / or exemplary damages.

## DAMAGES

    31.   Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs, as if fully incorporated herein, and further alleges:

    32. As a direct and proximate result of the above described gross, willful, wanton and /or negligent acts of the Defendants and the resulting wrongful death of Andrew H. McAdams, Deceased, Plaintiffs seek recovery for damages pursuant to Mississippi Code Ann. §§ 11-7-13 and 91-7-233, as follows:

      a.      Funeral and burial expenses of the Andrew H. McAdams, Deceased;

      b.      The value of loss of support and services of Andrew H. McAdams, Deceased;

      c.      Present cash value of the loss of earnings of Andrew H. McAdams, Deceased;

      d.      Loss of love, support, affection, consortium, society and companionship of Decedent suffered by the wrongful death beneficiary;

    e.      Loss of support and earnings, and loss of future earnings capacity, that wrongful death beneficiary could expect from Andrew H. McAdams, Deceased, during his lifetime;

    f.      Damages for the conscious pain, suffering, and mental stress and anxiety that Andrew H. McAdams, Deceased, experienced prior to his fatal injury;

    g.      Loss of love of life, and loss of hedonic value of life that Andrew H. McAdams, Deceased, would have enjoyed during his life;

    h.      Wrongful death beneficiary's loss of enjoyment of life and loss of hedonic value of life as a result of the loss of Andrew H. McAdams, Deceased.

    i.      Present net cash value of life expectancy of Andrew H. McAdams, Deceased, and

    j.      Punitive / exemplary damages as allowed by law.

33. As a result of the Defendants' actions and behavior, as set forth in each of the preceding paragraphs, Plaintiff is entitled to the following damages:

    a.      Any and all damages set forth in the preceding paragraphs;

    b.      Compensatory Damages;

    c.      Actual Damages;

    d.      Punitive Damages;

    e.      Attorney's fees and litigation costs;

    f.      Pre-judgment interest;

    g.      Post-judgment interest; and

    h.      Any other damages deemed allowable by this Court.

34. All of the Plaintiff's losses were, are and will be due solely to and by reason of the negligence, gross negligence, recklessness, and carelessness of the Defendants, without any negligence or want of due care of Andrew H. McAdams contributing thereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays its civil Complaint be received and filed, and that after a Trial by Jury of this cause, the Court will enter a judgment in favor of Plaintiff and against the Defendants, and each of them, and award all actual, compensatory and punitive damages to which Plaintiff is entitled, in an amount to be determined by the Jury, for injuries, damages, lost of future earnings, pre and post judgment interest in the amount of 8 % per annum, and /or in such other amount as is determined by this Court; any and all fees, court costs, attorney fees, costs of litigation; and all such further relief to which Plaintiff is entitled to receive.

RESPECTFULLY SUBMITTED, this the 31st day of August, 2022.

_____
Kathy Brown van Zutphen (MSB #99375)
COASTWIDE LAW, LLC
428 Courthouse Road, Suite A
Gulfport, MS 39507
Phone: 228-357-5227
Email: office@coastwidelaw.com
On behalf of Plaintiff

_____
David N. Harris, Jr. (MSB # 100790)
DAVID N. HARRIS, JR. LAW FIRM, PLLC
134 Rue Magnolia, Suite A
Biloxi, MS 39530
Phone: 228-236-7616
Email: david@davidharrislawfirm.com
On behalf of Plaintiff